# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PAUL A. WHITE, JR.,                          *

Plaintiff                                    *

v                                            *          Civil Action No. JKB-15-1951

DR. ADELEKA ADEYEMO,                         *
STATE OF MARYLAND
                                             *

Defendants
                                           ***

## MEMORANDUM

The above-captioned case was filed on July 1, 2014, together with a motion to proceed in forma pauperis and motion for writ of mandamus.  Because he appears indigent, plaintiff's motion for leave to proceed in pauperis shall be granted. The motion for writ of mandamus shall be denied.[1]

Plaintiff, an inmate currently confined at the Clifton T. Perkins Hospital Center, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that on May 17, 2010, he was treated by Dr. Adeleka Adeyemo for a sexually transmitted disease.  ECF 1, p. 3.  Plaintiff contends that Adeyemo prescribed the wrong antibiotic to treat his infection.  *Id.*, p. 4.  As a result he was forced to suffer symptoms from the infection.  He attributes the error to the age of the doctor, claiming defendant's age "created the incompetency."  *Id.*, p.4.   As relief, plaintiff seeks an investigation into his file and monetary award of 20 million dollars.  *Id.*, p. 3.

---

[1] Plaintiff requests an order directing the Baltimore County Circuit Court release petitioner's records and files to be used as evidence in his "suit for replevin."  ECF 3.  Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  *See* 28 U.S.C. § 1361.   However, this court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to provide plaintiff a copy of his file.  *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).  Therefore, plaintiff's motion shall be denied.

This court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).  Additionally, under the provisions of 28 U.S.C. § 1915(e)(2), a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Plaintiff has failed to allege that he has been denied constitutionally adequate medical care.  Rather, plaintiff alleges that he has been subjected to malpractice due to his being prescribed the wrong medication to treat his ailment.  Stated simply,  plaintiff's bald allegation of mistreatment amounts at most to a claim of negligence and a disagreement with the judgment of his health care providers. Liability cannot be imposed for mere negligence.  *Patten v. Nichols*, 274 F.3d 829, 843 (4th Cir. 2001).  Further, such disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. *See Kulak v. City of New York*, 88 F.3d 63, 74 (2nd Cir. 1996).

Moreover, even if plaintiff had stated an adequate constitutional claim, the claim would be time barred.  "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007) citing  *Owens v. Okure,* 488 U.S. 235, 249-50,

(1989)); *Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985).  In Maryland the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc. Code Ann. § 5-101.  Plaintiff complains of events occurring in May of 2010.  The instant complaint was received on July 1, 2015, beyond the three-year statute of limitations.  As such, the complaint is untimely.

A separate order follows.


Dated:  July 20, 2015                    _____/s/_____
                                         James K. Bredar
                                         United States District Judge